UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ROBERT ROSENTHAL,

         Plaintiff,

  -against-

AETNA HEALTH INC.,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

21 Civ. 918 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

  On November 18, 2020, *Pro se* Plaintiff Robert Rosenthal brought this action in New York state court against Defendant Aetna Life Insurance Company, pled as Aetna Health, Inc. ("Aetna"). Plaintiff alleges that Defendant breached a contract when it improperly denied him his Medicare benefits after receiving medical attention for a grand mal stroke. (Notice of Removal, ECF No. 1-1, at 7-8.). On February 3, 2021, Defendant removed Plaintiff's suit to federal court on diversity and federal question grounds, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). (ECF No. 1 at 4-5.) This Court then referred the case to Magistrate Judge Gabriel W. Gorenstein for general pre-trial supervision.

  Defendant moved for dismissal of Plaintiff's complaint on March 16, 2021. (Mot. to Dismiss, ECF No. 14.) Plaintiff's opposition to Defendant's motion was due on March 25, 2021, but Plaintiff failed to respond. (*See* Memo Endorsement re: Letter by Defendant, ECF No. 11; Report and Recommendation (the "Report"), ECF No. 25, at 1.) Magistrate Judge Gorenstein then *sua sponte* extended Plaintiff's deadline to respond to Defendant's motion until May 3, 2021 and warned Plaintiff that a "failure to respond by that date may result in dismissal of this case for failure to prosecute." (Order, ECF No. 22.) Again, there was no response from Plaintiff. (Report

at 1.) On May 18, 2021, Magistrate Judge Gorenstein ordered Plaintiff to show cause "why this case should not be dismissed for failure to prosecute" by June 1, 2021. Plaintiff was again warned that a failure to respond may result in dismissal of the case. (Order to Show Cause, ECF No. 23.) Plaintiff responded on June 4, 2021 by merely stating that "[d]ismissal of [his] lawsuit is clearly not warranted" without further explanation. (Response to Order to Show Cause, ECF No. 24.)

Before the Court is Magistrate Judge Gorenstein's June 9, 2021 Report recommending that the Court dismiss Plaintiff's case for a failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Report at 3.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 4.) Plaintiff filed objections to the Report on June 23, 2021, explaining that his failure to respond in this action was because he suffered a stroke "in January of 2021." (Objs. to Report, ECF 26.) Plaintiff's objections fell short of explaining how the stroke in January of 2021 hindered his ability to prosecute this action, or why he failed to provide this explanation in his June 4, 2021 response to Magistrate Judge Gorenstein's order to show cause.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). A court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The dismissal of a *pro se* Plaintiff's action for a failure to prosecute should only happen "'when the circumstances are sufficiently extreme.'" *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d

Cir. 2014) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)). Magistrate Judge Gorenstein did not err when analyzing the relevant factors and recommending that the Court dismiss Plaintiff's suit for a failure to prosecute (Report at 2-3.) However, it has now come to the Court's attention *pro se* Plaintiff's belated claim that he suffered from a stroke that may have impeded his ability to timely respond to Defendant's motion to dismiss and Magistrate Judge Gorenstein's subsequent orders. Considering Plaintiff's objections that bring to light for the first time this new context, the above-captioned case is hereby RECOMMITED to Magistrate Judge Gorenstein for further proceedings to consider whether Plaintiff's stroke provides a reasonable excuse as to why he has so far failed to prosecute this case.

This case is recommitted to Magistrate Judge Gorenstein for further consideration. The Clerk of Court is directed to close Defendant's motion to dismiss, (ECF No. 14), accordingly.

Dated: New York, New York
FEB 0 3 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3