UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ROBERT ROSENTHAL,

                      Plaintiff,

      -against-                               MEMORANDUM DECISION
                                               AND ORDER
AETNA HEALTH INC.,
                                              21 Civ. 918 (GBD) (GWG)

                      Defendant.

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

      In November 2020, *pro se* Plaintiff Robert Rosenthal brought this action in New York state court against Defendant Aetna Life Insurance Company, pled as Aetna Health Inc., alleging that Defendant committed a breach of contract by failing to reimburse him, pursuant to a Medicare PPO agreement, for medical care he received in Jerusalem for a grand mal stroke in December 2019. (Compl., ECF No. 1-1, at 7–8.) Defendant removed Plaintiff's suit to federal court on diversity and federal question grounds, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Notice of Removal, ECF No. 1, at 4–5.)

      After Plaintiff failed to timely respond to Defendant's motion to dismiss, Magistrate Judge Gabriel W. Gorenstein *sua sponte* granted Plaintiff an extension of time to do so, but warned him that a "failure to respond . . . may result in dismissal of this case for failure to prosecute." (Order, ECF No. 22.) Plaintiff did not respond. (R. &. R ("First Report"), ECF No. 25, at 1.) On May 18, 2021, Magistrate Judge Gorenstein ordered Plaintiff to show cause "why this case should not be dismissed for failure to prosecute" by June 1, 2021, again warning Plaintiff that a failure to respond may result in dismissal of the case. (Order to Show Cause, ECF No. 23.) Plaintiff responded on June 4, 2021 with a brief statement that "[d]ismissal of [the] lawsuit is clearly not warranted," without further explanation. (Pl.'s Response to Order to Show Cause, ECF No. 24.)

On June 9, 2021, Magistrate Judge Gorenstein issued the First Report, recommending that this Court dismiss Plaintiff's case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (First Report at 3.) Plaintiff filed brief objections to the First Report on June 23, 2021, explaining that his failure to respond in this action was because he suffered a stroke "in January of 2021." (Pl.'s Objs. to First Report, ECF 26, at 1.) Plaintiff did not detail how the stroke hindered his ability to prosecute this action or why he failed to provide this explanation in his June 4, 2021 response to Magistrate Judge Gorenstein's order to show cause.

On February 3, 2022, this Court recommitted the case to Magistrate Judge Gorenstein for further consideration of how Plaintiff's second stroke may have impeded his ability to respond to the motion to dismiss and subsequent orders, as "dismissal of a *pro se* Plaintiff's action for a failure to prosecute should only happen when the circumstances are sufficiently extreme." (*See* Order, ECF No. 27, at 2–3 (citation omitted).) The next day, Magistrate Judge Gorenstein ordered Plaintiff to file a letter "explaining why his stroke prevented him from complying [with] the Court's prior orders" and "a memorandum or letter setting forth any arguments he has to make in response to the motion to dismiss" by March 4, 2022. (Order, ECF No. 28.)

Before this Court is Magistrate Judge Gorenstein's March 21, 2022 Second Report and Recommendation. (R. & R. ("Second Report"), ECF No. 29.) The Second Report recommended dismissal of this action for failure to prosecute, finding that, "[i]n light of the absence of any information on th[e] critical question" of the impact of Plaintiff's stroke, "[P]laintiff has not provided a reasonable excuse for his failure to prosecute." (*Id.* at 2 (citation omitted).) Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Second Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiff has filed no objection.

2

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

This Court previously found that Magistrate Judge Gorenstein's First Report did not err in its analysis of the relevant factors nor in its recommendation that this Court dismiss Plaintiff's suit for failure to prosecute. (*See* Order, ECF No. 27, at 3.) Despite ample opportunity to do so, Plaintiff has not provided any basis to disturb this conclusion. Plaintiff has not communicated with the Court in almost two and a half years. Accordingly, having reviewed the Second Report for clear error and finding none, the Second Report is ADOPTED. This action is DISMISSED with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to close this action and mail a copy of this decision to Plaintiff.

Dated: New York, New York
November 2, 2023

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

3